UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:11 CR 246 CDP |
| | ) | |
| MARSHALL FRY (13), | ) | |
| | ) | |
| Defendant. | ) | |

# FINDINGS OF FACT, CONCLUSIONS OF LAW, and SENTENCING OPINION

At the April 15, 2013 sentencing hearing, I imposed a 188 month sentence on defendant Marshall Fry. This opinion sets out my findings of fact on contested factual issues, my conclusions of law regarding the advisory sentencing guidelines, and my rationale for selecting the sentence. My findings are based on the preponderance of the evidence presented at trial and at the sentencing hearing. Except as set forth here, I adopt the findings of fact and legal conclusions set out in the presentence report (PSR).

**Paragraph 27**: The phrase "*and enrich the members and associates through criminal activity*" is stricken from Paragraph 27. Fry's objection to this and to many other paragraphs of the PSR argue that he had no involvement with many of the activities of other members of the conspiracy. Fry was convicted of

racketeering conspiracy and a conspiracy to commit murder in aid of racketeering, and so it is appropriate to include in the PSR the description of the criminal activity undertaken by other WOS members as part of the racketeering conspiracy. I will therefore overrule Fry's other objections to Paragraph 27.

**Paragraph 28** is accurate.

**Paragraph 29** is accurate.

I will overrule Fry's objections to **Paragraphs 30 through 39, 41 through 45, and 47** because it is appropriate for the PSR to include information about actions undertaken by other conspirators in furtherance of the conspiracy.

**Paragraph 40:** Paragraph 40 is accurate. Although the jury found Fry not guilty of attempted murder in connection with the August 2, 2010 Denver, Colorado incident, the evidence showed that Fry, in fact, fired shots at the clubhouse of a rival motorcycle gang, the Hell's Lovers. Although no one was injured in this incident, and although it is not being used as a basis for the guidelines calculations, it is conduct shown by the preponderance of the evidence and is appropriate for me to consider in determining an appropriate sentence.

**Paragraph 46 and 48:** Paragraphs 46 and 48 accurately describe the events regarding the January 29, 2011 conspiracy to murder members of a rival motorcycle gang and Fry's involvement in that conspiracy. Acting at the direction of Allan Hunter and Jerry Elkins (who held higher ranks in the WOS organization than Fry did), Fry and others traveled to East St. Louis, Illinois for the purpose of attacking members of the Outkast motorcycle gang, who were expected to attend the Black New Years party. Fry and others attempted to obtain an assault rifle for this purpose, but were unable to do so. They nevertheless went to the party, but left their guns in their vehicle. They did not complete the conspiracy, in part because of the presence of law enforcement. Even though the conspiracy was thwarted, Fry and others took very substantial steps in furtherance of the conspiracy.

**Paragraph 49** is accurate.

**Paragraph 50** accurately sets out the government's contentions about culpability levels, but the court is not adopting these contentions. It is not necessary for the Court to determine precise culpability levels among the 22 defendants in this case.

**Paragraphs 52 through 60:** The victim impact paragraphs of the PSR are accurate and it is appropriate to include in the PSR descriptions of the impact

on all victims of the conspiracy, even though Fry was not directly responsible for the losses to any identifiable victims.

**Paragraphs 61 and 69:** As discussed at the sentencing hearing, I am sustaining defendant's objections to the enhancement for obstruction of justice under § 3C1.1.  Although the government presented hearsay evidence that jailhouse snitches had reported that Fry made statements about putting "hits" on the case agent, the Assistant United States Attorney, and the judge, I find that these were no more than angry statements by a defendant unhappy with the result of his jury trial.  There is no evidence that Fry took or even attempted to take any action to carry out any actions in conformity with these statements.

**Paragraph 73:** Because I have sustained the objection to the obstruction of justice enhancement, the Total Offense Level is 33.

**Paragraph 121**:   Paragraph 121 should read: "***Guideline Provisions: Based upon a total offense level of 35 and a criminal history category of III, the guideline imprisonment range is 168 months to 210 months***."

<u>The Sentence Imposed</u>

The sentence must be sufficient, but not greater than necessary, to meet the purposes set out in § 3553(a)(2).  A sentence of 188 months reflects the seriousness of the crime, should promote respect for the law, and provides just

punishment for Fry's actual conduct.  It also should provide deterrence to others and should protect the public from any further crimes of this defendant.  This sentence is near the mid-point of the advisory guidelines range, and does not give rise to any unwarranted sentencing disparities.  Although most of Fry's criminal convictions are relatively minor, he has one felony conviction for attempted robbery from 2006, and he has a large number of less serious criminal convictions.  A sentence in the middle of the guidelines range is appropriate under all the circumstances of this case.

**IT IS HEREBY ORDERED** that the Clerk of Court shall docket this opinion separately in the public file, and shall also attach a copy of it to the Presentence Report that is filed under seal, so that it will accompany the report that is provided to the Bureau of Prisons or is otherwise lawfully disseminated. The Clerk of Court shall also attach a copy of this Opinion to the sealed Statement of Reasons.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 17th day of April, 2013.